IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CONCRETE WASHOUT SYSTEMS, INC.,   )
a California corporation,         )         2:11-cv-01913-GEB-DAD
                                  )
            Plaintiff,            )
                                  )         ORDER RE: SETTLEMENT AND
       v.                         )         DISPOSITION
                                  )
GENESIS CONCRETE, INC.; CHARLES   )
A. COLOSIMO JR.; and DOES 1-100,  )
                                  )
            Defendants.           )
_____ )

Plaintiff filed a "Stipulation for Settlement and Dismissal" on March 6, 2012, in which it states:

>           [The parties] hereby stipulate and agree to settle this matter on the following terms:
>
> 1.   GENESIS and COLOSIMO shall pay to CONCRETE WASHOUT the total sum of $27,000.00 as follows: $9,000.00 on or before February 24, 2012; $9,000.00 on or before March 17, 2012; and, $9,000.00 on or before April 17, 2012.
>
> 2.   CONCRETE WASHOUT shall deliver to GENESIS a written License Agreement in the form attached hereto as Exhibit A, allowing GENESIS to use the concrete washout containers that are the subject of this litigation, subject to the restrictions imposed in the attached License Agreement. The License may be revoked by CONCRETE WASHOUT for only the following reasons: the failure of GENESIS and COLOSIMO to timely pay the sums provided above in section no. 1, which failure continues for

1

more than 7 days following written notice from CONCRETE WASHOUT's attorney to defendant's attorney, or, the failure of GENESIS to comply with the terms of the attached License Agreement.

3.    Upon receipt of the full amounts provided above in section no. 1., CONCRETE WASHOUT shall cause to be filed a Stipulation for Dismissal, with prejudice, of the entire action.

4.    Each party shall bear its own costs and attorney's fees. Therefore, a dispositional document shall be filed no later than June 6, 2011. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

5.    This Court shall retain jurisdiction to enforce the Settlement between the parties. If any party is alleged to have breached the terms of this Stipulation for Settlement, any other party shall have the right to reopen this matter upon motion filed and heard on an expedited basis. If this matter is reopened, the moving party may pursue any and all remedies it may have against the party alleged to have breached the terms of this Stipulation for Settlement.

(ECF No. 18, 1:20-2:23.)

Therefore, a dispositional document shall be filed no later than April 20, 2012. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions."). However, the court declines to exercise ancillary jurisdiction over the parties' settlement since sufficient justification has not been provided justifying the request. See Arata v. Nu Skin Intern., Inc., 96 F.3d 1265, 1269 (9th Cir. 1996)("[T]he mere

fact that the parties agree that the court should exercise continuing jurisdiction is not binding on the court.").

Dated:  March 8, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge